UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SMITH,

       Plaintiff,                                    Case No. 5:17-cv-11532
                                                  District Judge John Corbett O'Meara
v.                                                      Magistrate Judge Anthony P. Patti

TERI TAYLOR-
PEDERSON, *et al.*,

       Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 13)

This matter is before the Court for consideration of Plaintiff Stephen Smith's motion for appointment of counsel. (DE 13.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, filed his initial complaint in this action on May 12, 2017 and an amended complaint on June 16, 2017. Although the U.S. Marshal Service has acknowledged its receipt of service of process documents, to date only one Defendant has been served. (DE 10 and 14.) It appears that, due to the timing, this Defendant was served with the

initial complaint and not the amended complaint. Thus, this case is still in its very preliminary stages.

In his amended complaint, Plaintiff asserts that Defendants conspired to indict him by issuing false charges against him in order to keep him incarcerated. He seeks immediate release from confinement, along with compensatory and declaratory damages.

Plaintiff filed this motion for appointment of counsel on July 19, 2017, asking the Court to appoint an attorney in this civil matter because he cannot afford counsel, the issues involved are complex, he has limited access to the law library, and he has limited knowledge of the law. (DE 13.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion

2

to *recruit counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this point. First, his motion is somewhat premature. Only one Defendant has even been served in this matter. Second, his argument that he cannot afford an attorney would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and does not constitute extraordinary circumstances. Moreover, in both his complaint and amended complaint Plaintiff has illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and well-organized manner. Plaintiff's instant motion is a testament to this: it is concise, well organized, and cites to relevant case law. Finally, although Plaintiff seeks immediate release from imprisonment as a remedy in this matter, to the extent that he asks for relief from his conviction or sentence, that action is more properly brought pursuant to 28 U.S.C. § 2254. There appears to be no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case.[2]

---

[2] Plaintiff is urged to review the provision at 28 U.S.C § 2254 to ensure that the instant case has been filed under the correct statute.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 13.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: August 15, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 15, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti