UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SMITH,

       Plaintiff,

v.

TERI TAYLOR-PEDERSEN,
MICHELLE RISLEY, A. LAWS
WRIGHT, THEODORE
JOHNSON, BARBARA
BROWN, DAPHNE JOHNSON,
and DENISE ALLSBERRY,

       Defendants.

Case No. 5:17-cv-11532
District Judge John Corbett
O'Meara
Magistrate Judge Anthony P. Patti

_____/

**REPORT AND RECOMMENDATION TO GRANT THE MDOC
DEFENDANTS' AND DEFENDANT TERI TAYLOR-PEDERSEN'S
MOTIONS TO DISMISS (DEs 16, 18)**

**I.     RECOMMENDATION**: The Court should grant the MDOC Defendants'

and Defendant Teri Taylor-Pedersen's motions to dismiss because Plaintiff's

complaint fails to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.     Background**

Plaintiff Stephen Smith was a Michigan state prisoner incarcerated in the

Gus Harrison Correctional Facility at the time he filed his complaint.  (DE 1, 11.)

He was paroled on September 26, 2017.  *See* Offender Search, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=230413. For the purposes of this motion to dismiss, I will accept the allegations in Plaintiff's first amended complaint as true.[1]

According to Plaintiff's first amended complaint, Plaintiff, a parolee, was involved in an argument with his former neighbor and friend on January 30, 2012, who called the police and told them that Plaintiff had a gun.  (DE 11 at 5.) Plaintiff states that he did not have a gun, but that he was nevertheless taken into custody for a "tether violation."  (*Id.*)  The "Offense Detail" attached to Plaintiff's first amended complaint, however, shows that Plaintiff was arrested on January 30, 2012 for aggravated felonious assault involving a gun, and although Plaintiff was described as "unarmed," a black handgun "used in the crime" was listed.  (*Id.* at 32-33.)

On February 9, 2012, defendant Teri Taylor-Pedersen, the Michigan Department of Corrections (MDOC) Record's Office Supervisor, sent a "writ of attachment" allegedly containing false information about Plaintiff (including

---

[1] Plaintiff filed his original complaint on May 12, 2017, naming Teri Taylor-Pedersen, Michelle Risley and A. Laws Wright as defendants.  (DE 1.)  The Court granted Plaintiff's applications to proceed *in forma pauperis* and directed service of the complaint by the U.S. Marshal on June 16, 2017.  (DEs 2, 6, 7, 8.)  That same day, Plaintiff filed his first amended complaint, adding Theodore Johnson, Barbara Brown, Daphne Johnson and Denise Allsberry as defendants.  (DE 11.) To date, these four new defendants have not been served.

inaccurate identifying information and a reference that there was a "pending charge" against him) to the Wayne County Prosecutors Office. (*Id.* at 5, 30.) Plaintiff alleges that this "false writ" caused Plaintiff to face criminal charges in state court. (*Id.* at 4-5.) According to Plaintiff, Pederson sent the "false writ," at the request of defendant Michelle Risley, a prosecutor for the MDOC, to gain information for an upcoming March 12, 2012 parole hearing, because "MDOC officials have no Subpoena Power." (*Id.* at 5.) On June 22, 2012, following a bench trial in state court, Plaintiff was acquitted of all charges for "Firearms – Possession by Felon," "Felonious Assault," and "Felony Firearm." (*Id.* at 6, 34.) At the July 24, 2012 parole revocation hearing that followed, Plaintiff complains that Defendant A. Laws Wright, the administrative law judge, did not allow Plaintiff to speak or put the state court acquittal on the record. (DE 11 at 6.) His parole was revoked for violating a condition of his parole prohibiting ownership or possession of a firearm and he was not reconsidered for parole for 60 months. (*Id.* at 6, 36.)

Although the first amended complaint is somewhat difficult to decipher, Plaintiff alleges that defendant Taylor-Pedersen violated his constitutional rights by filing a "false writ of attachment," at the request of defendant Risley, resulting in his parole being revoked. (DE 11 at 23.) He further alleges that his constitutional rights were violated by defendant Wright because she "conspire[d]"

3

with defendant Risley to "take[e] the liberty of [Plaintiff] … by way of fraud by not allowing all evidence to be put on the record at the hearing held on 7/24/12." (DE 11 at 25.) He further alleges that defendant Risley "conspire[d] with" defendant Taylor-Pedersen in creating the "false writ of attachment" to gain access to the courts and use the court's subpoena power because the MDOC has no subpoena power, "in hopes of getting a conviction through false testimony." (*Id.* at 24.) He also alleges violations of numerous criminal statutes, including 18 U.S.C. §§ 241, 242, 371, 494, 1001, 1343 and 1506. (*Id.* at 3.) Plaintiff seeks "immediate release" from confinement, compensatory and punitive damages, and declaratory relief. (*Id.* at 3, 16-20.)

### B. Defendants' Motions to Dismiss

Defendants Risley and Wright (the "MDOC Defendants") and Taylor-Pedersen filed separate motions to dismiss on August 18 and 29, 2017, respectively. (DEs 16, 18.) In both motions, Defendants assert that Plaintiff's claims against them should be dismissed because: (1) his § 1983 claims are time-barred; (2) his claims regarding the parole revocation hearing are barred by the *Rooker-Feldman* doctrine; (3) Defendants are entitled to absolute immunity; (4) Defendants are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacities; and (5) Defendants are entitled to qualified immunity. (*Id.*)

Plaintiff filed a series of documents seemingly opposing both of Defendants' motions. (DEs 21-26, 29.) In these documents, Plaintiff contends that Defendants violated his constitutional due process rights when he was not reinstated to his original parole status after the June 22, 2012 acquittal by the state court, resulting in his "false imprisonment." (DEs 21-26, 29.) He further argues that he was denied his right to speak on his behalf and to present evidence (the state court acquittal) at the parole revocation hearing. (*Id.*) He argues that his claims are not time-barred because there is a six-year statute of limitations for a fraud claim, and he denies that the Defendants have immunity. (*Id.*)

### C. Standards

#### 1. Rule 12(b)(1)

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In reviewing a motion under Rule 12(b), the "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). When faced with a challenge to subject matter jurisdiction, "a court must address that issue before all others." *Cain v. Redbox Automated Retail, LLC*, 981 F. Supp.2d 674, 681 (E.D. Mich. 2013) (collecting cases).

Motions under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges "the sufficiency of the pleading itself," and the "court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A factual attack does not challenge the sufficiency of the allegations, but is a "challenge to the factual existence of subject matter jurisdiction," to which "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear a case." *Id.* (internal citation omitted).

### 2. Rule 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### 3. *Pro Se* Pleadings

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[2]

---

[2] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

### D. Discussion

#### 1. Plaintiff's § 1983 Claims are Barred by *Heck v. Humphrey*[3]

Plaintiff's suit arises from the July 24, 2012 revocation of his parole, which he claims was unconstitutional. (DE 11.) He alleges that Defendants Taylor-Pedersen and Risley conspired to issue a "false writ of attachment" to obtain information for Risley's use at the parole revocation hearing, and that defendants Risley and Wright conspired to prevent Plaintiff from presenting evidence and testimony at his July 24, 2012 parole revocation hearing, resulting in his incarceration, despite being acquitted by the state court on June 22, 2012. In sum, Plaintiff challenges the validity of the parole revocation proceedings through the

---

[3] I am addressing this issue *sua sponte* as neither the MDOC Defendants nor defendant Taylor-Pedersen raised the *Heck* Doctrine in their motions. The Sixth Circuit has not taken a position on whether *Heck* constitutes an affirmative defense which defendants waive by failing to make them before the Court. *Cummings v. City of Akron*, 418 F.3d 676, 681 n.3 (6th Cir. 2005). However, the Sixth Circuit has affirmed, without analysis, district courts' *sua sponte* dismissal of plaintiffs' § 1983 claims under *Heck*. *See, e.g., Hunt v. Michigan*, 482 F. App'x 20, 21 (6th Cir. 2012); *Manthey v. Kessler*, 79 F. App'x 153,153-54 (6th Cir. 2003); *Stover v. Mackie*, 15 F. App'x 200, 201 (6th Cir. 2001). And Courts in this District have regularly dismissed plaintiffs' complaints *sua sponte* upon initial review as barred by *Heck* pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). *See, e.g., Wilson v. County of Wayne*, No. 15-10693, 2015 WL 2126920 (E.D. Mich. May 6, 2015) (Lawson, J.); *Moore v. Hampton*, No. 2:13-CV-13600, 2014 WL 6455629 (E.D. Mich. Nov. 17, 2014) (Drain, J.); *Smith v. City of Detroit*, No. 12-14278, 2013 WL 1349282 (E.D. Mich. Apr. 2, 2013) (Lawson, J.); *Brown v. Michigan Dep't of Corrs.*, No. 2:10-CV-12649, 2010 WL 5056195 (E.D. Mich. Dec. 6, 2010) (Duggan, J.); *King v. City of Highland Park*, No. 07-15341, 2008 WL 723514 (E.D. Mich. Mar. 17, 2008) (Zatkoff, J.); *White v. Paetz*, No. 4:06-CV-12225, 2006 WL 1698962 (E.D. Mich. June 13, 2006) (Gadola, J.).

actions of defendants Taylor-Pedersen, Risley and Wright, and he seeks "immediate release from this unlawful confinement," damages, and declaratory relief.

However, Plaintiff's challenge to the fact or duration of his confinement must be brought as a petition for writ of habeas corpus rather than a civil rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("What is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus … we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

The principles espoused in *Heck* have been applied to §1983 actions, like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or a federal court declaring the parole revocation invalid. *See Norwood v. Michigan Dep't of Corrs.*, 67 F. App'x 286, 287 (6th Cir. 2003) (ruling that *Heck* erected a bar to parole revocation claim based on an alleged race-based retaliatory conspiracy); *Oakes v. VanDeusen*, No. 1:07cv678, 2008 WL 4057838, at *3 (W.D. Mich. Aug. 28, 2008) ("The rules announced in *Preiser* and *Heck* preclude plaintiff from challenging his parole revocation decision under the guise of a § 1983 action.") (citations omitted). "In the context of a parole revocation hearing, Plaintiff is required to show 'that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision.'" *See Jackson v. Waterberry*, No. 10-10031, 2010 WL 5559326, at *1 (E.D. Mich. Nov. 30, 2010) (Randon, M.J.) (citations omitted), *report and recommendation adopted by* 2011 WL 65741 (E.D. Mich. Jan. 10, 2011) (Roberts,

10

J.). Further, the fact that Plaintiff was released on parole during the pendency of this litigation does not preclude the application of *Heck*. *See Oakes*, 2008 WL 4057838 (finding plaintiff's § 1983 claims seeking compensatory and punitive damages, expungement of his conviction at the parole hearing, and release from parole status, filed *after* he was released from parole, were barred by *Heck*); *see also Connolly v. Arroyo*, 293 F. App'x 175, 178 (3d Cir. 2008) (finding *Heck* "applies even where habeas relief is no longer available because the individual is no longer in custody").

The court's decision in *Jackson v. Waterberry* is helpful here. The plaintiff in *Jackson* filed a § 1983 claim alleging that the parole officials "permitted falsified testimony to be used against Plaintiff during his parole violation hearing, resulting in the revocation of his parole." *Jackson*, 2010 WL 5559326, at *1. The court held that plaintiff's § 1983 claims were barred by the *Heck* doctrine and must be dismissed because the allegations "necessarily imply the invalidity of his confinement and [he] has not shown that the parole revocation decision has been reversed." *Id.* As in *Jackson*, to the extent Plaintiff here seeks to challenge the revocation of his parole, "he cannot do so through a § 1983 complaint because he has not demonstrated the invalidity of his parole revocation by either a Michigan state court or a federal habeas corpus decision." *See Jackson*, at *1. Plaintiff, in response to the motions to dismiss, represents that he *did* file a writ of habeas

11

corpus with the state court involving the very claims he is making here, which was *denied* by the state court *and denied* again on appeal to the Sixth Circuit. (DE 26 at 1-2.); *See Smith v. Haas*, Case No. 14-1309, Order Denying COA Application (6th Cir. Oct. 17, 2014). Further, on January 14, 2014, the Parole Board denied Plaintiff's "request for a declaratory ruling" in which Plaintiff made the same allegations he is making here, explaining again that his "parole was revoked for violating a condition of parole prohibiting ownership or possession of a firearm." (DE 26 at 6-7.) Accordingly, Plaintiff's § 1983 claims here involving his parole revocation are precluded by *Heck*.[4]

The court in *Jackson* further found that "Plaintiff's artful framing of his case" – "that he is not challenging his 'actual confinement' but rather the unlawful conduct of Defendants in allowing the fabricated evidence" – "does not change the fact that a ruling in his favor would *imply* the invalidity of his parole revocation, because he alleges that his parole was revoked solely due to the admission of the falsified evidence." *Id.* at *2. Similarly here, Plaintiff's challenge to the evidence

---

[4] Contrary to Defendants argument, the *Rooker-Feldman* doctrine does not apply here because Plaintiff's § 1983 suit does not allege that he was deprived of his constitutional rights by a state court judgment. (DE 11.) Rather, he complains of a decision by the MDOC Parole Board—which is an entity within the MDOC, which is, in turn, an administrative agency within the executive branch of Michigan's government. See Mich. Const. 1963, art. 5, § 2; *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). The Rooker-Feldman doctrine "has no application to judicial review of executive action, including determinations made by a state administrative agency." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002).

obtained for the parole hearing, or evidence admitted, or not admitted, during the July 24, 2012 parole hearing, does not change the fact that "a ruling in his favor would imply the invalidity of his parole revocation." *See id.*; *see also White v. Paetz*, No. 4:06-CV-12225, 2006 WL 1698962, at *1 (E.D. Mich. June 13, 2006) (finding plaintiff's § 1983 claims based on allegations that defendants fabricated the statements which were used against him in his parole hearing and also improperly denied his allegation that he requested an attorney before making those statements were barred by *Heck* because they attack Plaintiff's present incarceration). Accordingly, because awarding relief to Plaintiff on any portion of his claims would necessarily imply the invalidity of his parole revocation, his § 1983 claims are prohibited by the *Heck* doctrine and should be dismissed without prejudice. *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if he obtains reversal or expungement of convictions).

      **2.**     **Plaintiff's § 1983 Claims are Time Barred**

Even if Plaintiff's § 1983 claims against Defendants Taylor-Pedersen, Risley and Wright were not barred by *Heck*, such claims would be time barred. There is no federal statute of limitations for § 1983 claims. Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in

which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). However, the accrual of a § 1983 claim is a question of federal law, with reference to common law principles. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under those principles, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996).

In his first amended complaint, Plaintiff alleges conduct involving Defendants Taylor-Pedersen, Risley and Wright, beginning with the February 9, 2012 alleged "false writ of attachment" and concluding with the parole revocation hearing on July 24, 2012. (DE 11 at 5-6.) Accordingly, Plaintiff was required to bring his § 1983 claims by July 24, 2015, at the latest. Instead, Plaintiff filed his original complaint on May 12, 2017, almost 2 years after the last possible date of accrual of his claims against defendants Taylor-Pedersen, Risley and Wright.

14

Plaintiff's argument that because he has alleged "fraud" in his § 1983 complaint, the Court should apply Michigan's six-year statute of limitations governing fraud claims is without merit. It is well-settled that merely characterizing the defendants' actions as fraudulent does not convert the plaintiff's action, filed under § 1983, into a state law fraud claim to which the state's limitations period applies. *See Bowden v. City of Franklin*, 13 F. App'x 266, 272 (6th Cir. 2001). Rather, the three-year statute of limitations applicable to § 1983 claims filed in Michigan applies to all of Plaintiff's § 1983 claims, including his claim for fraud. *Id.* Therefore, Plaintiff's claims brought pursuant to § 1983 are time-barred and should be dismissed with prejudice.

Defendants also argue that their conduct was protected by absolute immunity, or at least qualified immunity, and Eleventh Amendment immunity to the extent they are sued in their official capacity. (DEs 16, 18.) I find these arguments are well-taken and provide alternative bases for granting Defendants' motions. *See Butz v. Economou*, 438 US. 478, 512 (1978) (persons performing adjudicatory functions within an agency are entitled to absolute immunity); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) (a lawsuit against a state official in her official capacity is equivalent to a suit against the state); *Green v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) (qualified immunity). However, these

arguments need not be analyzed in detail in light of the clear application of *Heck*, and the bar by the statute of limitations.

### 3. Plaintiff Fails to State a Claim Pursuant to Any Criminal Statutes[5]

Plaintiff's first amended complaint purports to state claims under various criminal statutes, including 18 U.S.C. §§ 241, 242, 371, 494, 1001, 1343, 1506. (DE 11 at 3, 10.) However, these criminal statutes do not provide for a civil cause of action. *See* 18 U.S.C. §§ 242, 242, 371, 494, 1001, 1343, and 1506; *see also, e.g., United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right of action under §§ 242 and 242); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (no private right of action under § 1506); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (no private right of action under § 1343); *Scheid v. Snyder*, No. 09-11307, 2010 WL 331713, at *2 (E.D. Mich. Jan. 22, 2010) (no private right of action under §§ 241, 242, 371); *Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151, at *2 (N.D. Ohio Aug. 22, 2011) (no private right of action under §§ 241, 242, 1001). Accordingly, Plaintiff

---

[5] Although Defendants did not discuss these claims in their motions, because Plaintiff is proceeding *in forma pauperis*, I will address these claims pursuant to 28 U.S.C. §1915(e)(2), which requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

fails to state a claim for which relief can be granted for violation of these criminal statutes, and these claims should be dismissed with prejudice.

### 4. The Court Should Decline to Exercise Supplemental Jurisdiction

Finally, to the extent that Plaintiff's first amended complaint presents claims under state law, I recommend that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. 1367(c) over any state law claims asserted against Defendants Taylor-Pedersen, Risley and Wright. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966); *see also Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims….").

### E. Conclusion

For the reasons stated above, the Court should **GRANT** Defendants' Michelle Risley, A. Laws Wright and Teri-Taylor-Pedersen's motions to dismiss (DEs 16, 18), **DISMISS** all claims that Plaintiff brings under section 1983 or pursuant to criminal statutes consistent with this report, and **DISMISS** all state law claims against these defendants **without prejudice to refiling in an appropriate state court**.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: December 27, 2017         s/Anthony P. Patti
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 27, 2017, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti