UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SMITH,

                Plaintiff,

v.

TERI TAYLOR-PEDERSEN,
MICHELLE RISLEY, A. LAWS
WRIGHT, THEODORE
JOHNSON, BARBARA
BROWN, DAPHNE JOHNSON,
and DENISE ALLSBERRY,

                Defendants.

_____/

Case No. 5:17-cv-11532
District Judge John Corbett
O'Meara
Magistrate Judge Anthony P. Patti

## (1) REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS THEODORE JOHNSON, BARBARA BROWN, DAPHNE JOHNSON AND DENISE ALLSBERRY PURSUANT TO THE SCREENING PROVISIONS OF 28 U.S.C. § 1915; AND, (2) ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (DE 37)

**I.     RECOMMENDATION**:  The Court should dismiss Plaintiff's claims against Defendants Theodore Johnson, Barbara Brown, Daphne Johnson and Denise Allsbery because Plaintiff's complaint fails to state a claim upon which relief can be granted.

**II.     REPORT**

    **A.     Background**

1.      **Procedural background**

Plaintiff Stephen Smith was a Michigan state prisoner incarcerated in the

Gus Harrison Correctional Facility at the time he filed his complaint.  (DE 1, 11.)

He was paroled on September 26, 2017.  *See* Offender Search,

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=230413.

Plaintiff filed his original complaint on May 12, 2017, naming Teri Taylor-

Pedersen, Michelle Risley and A. Laws Wright as defendants.  (DE 1.)  The Court

granted Plaintiff's applications to proceed *in forma pauperis* and directed service

of the complaint by the U.S. Marshal on June 16, 2017.  (DEs 2, 6, 7, 8.)  That

same day, Plaintiff filed his first amended complaint, adding Theodore Johnson,

Barbara Brown, Daphne Johnson and Denise Allsberry as defendants.  (DE 11.)

Defendants Taylor-Pedersen, Risley and Wright were served and filed motions to

dismiss, which were subsequently granted.  (DEs 30, 36.) The Court held, with

regard to Plaintiff's claims against Taylor-Pedersen, Risley and Wright, that: (1)

Plaintiff's claims were barred by the *Heck* doctrine; (2) his § 1983 claims were

also time-barred; (3) he fails to state a claim pursuant to any criminal statute; and

(4) the Court would not exercise supplemental jurisdiction over Plaintiff's state law

claims.  (*Id.*)  However, to date, Defendants Theodore Johnson, Barbara Brown,

Daphne Johnson and Denise Allsberry have not been served.[1]   The facts in

Plaintiff's amended complaint will be accepted as true for the purposes of this §

1915(e)(2) screen.

## 2.    Factual background

According to Plaintiff's first amended complaint, Plaintiff, a parolee, was

involved in an argument with his former neighbor and friend on January 30, 2012,

who then called the police and told them that Plaintiff had a gun.  (DE 11 at 5.)

Plaintiff claims that he did not have a gun, but that he was nevertheless taken into

custody for a "tether violation."  (*Id.*)  The "Offense Detail" attached to Plaintiff's

first amended complaint, however, shows that Plaintiff was arrested on January 30,

2012 for aggravated felonious assault involving a gun, and although Plaintiff was

described as "unarmed," a black handgun "used in the crime" was listed in the

report.  (*Id.* at 32-33.)

---

[1] On December 27, 2017, the Court entered an order requiring Plaintiff to show
cause why his claims against Defendants Theodore Johnson, Barbara Brown,
Daphne Johnson and Denise Allsberry should not be dismissed for failure to
comply with Fed. R. Civ. P. 4. (DE 31.)  On January 24, 2018, Plaintiff responded,
but did not show cause why this case should not be dismissed for failure to serve.
(DEs 32, 33, 34, 35.)  Instead, he simply re-alleged his claims against these four
defendants, with citations to statutory and case law.  (DEs 32, 33, 34, 35.)  No
further explanation regarding service of these four defendants was provided.
Plaintiff's claims against Defendants Brown, Allsberry, Theodore Johnson and
Daphne Johnson thus could be dismissed without prejudice for failure to effect
service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  However,
irrespective of service of process issues, for the reasons stated in this report and
recommendation, those claims should, in any case, be dismissed pursuant to 28
U.S.C. § 1915(e) for failure to state a claim.

Plaintiff alleges that on February 9, 2012, Defendant Teri Taylor-Pedersen, the Michigan Department of Corrections (MDOC) Record's Office Supervisor, sent a "writ of attachment" allegedly containing false information about Plaintiff (including inaccurate identifying information and a reference that there was a "pending charge" against him) to Defendant Barbara Brown at the Wayne County Prosecutors Office.  (*Id.* at 5, 8, 30.)  Plaintiff alleges that Brown failed to investigate whether the information in the writ was true, and that this "false writ" caused him to face criminal charges in state court.  (*Id.* at 4-5, 22, 27.)  According to Plaintiff, Pederson sent the "false writ" at the request of Defendant Michelle Risley, a prosecutor for the MDOC, to gain information for an upcoming March 12, 2012 parole hearing, because "MDOC officials have no Subpoena Power."  (*Id.* at 5.)  On June 22, 2012, following a bench trial in state court, Plaintiff was acquitted of all charges for "Firearms – Possession by Felon," "Felonious Assault," and "Felony Firearm." (*Id.* at 6, 34.)

At the July 24, 2012 parole revocation hearing that followed, Plaintiff complains that Defendant A. Laws Wright, the administrative law judge presiding over the hearing, did not allow Plaintiff to speak or put the state court acquittal on the record.  (DE 11 at 6.)  He further asserts that Defendant Theodore Johnson was the attorney assigned by the MDOC to represent him at the hearing, but that Mr. Johnson "conspired with Michelle Risley and A. Laws Wright" and "refused to put

[the] truth on the record in [sic] behalf of his client" that Plaintiff was "[a]cquitted of all charges against him."  (*Id.* at 11, 22, 26.)  Plaintiff's parole was revoked for violating a condition of his parole prohibiting ownership or possession of a firearm and he was not reconsidered for parole for 60 months.  (*Id.* at 6, 36.)

Plaintiff alleges that he filed a grievance regarding his parole revocation hearing dated May 29, 2012, seeking to "[r]einstate to original parole states [sic]," but that on October 15, 2012 he was told by Defendant Denise Allsberry, the Grievance Administrator, that his grievance, marked as received on October 11, 2012, was untimely, which he disputes.  (*Id.* at 10, 22; DE 26 at 8-10.)  He also claims that in December 2013 he filed a request for a "declaratory ruling" with Defendant Daphne Johnson, Administrator for the Office of Legal Affairs, regarding his parole revocation hearing, but that in her January 2014 response she improperly refused to investigate the MDOC, stating that the MDOC officials had already investigated the matter.  (DE 11 at 22, 28; DE 26 at 3-7.)

Although the first amended complaint is discursive and less than clear, it appears that Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 for violation of his due process rights and conspiracy.  He also alleges violations of numerous criminal statutes, including 18 U.S.C. §§ 241, 242, 371, 494, 1001, 1343 and 1506, and asserts state law claims for fraud, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and violations of

the Michigan Constitution.  (DE 11.)  Plaintiff seeks "immediate release" from

confinement, compensatory and punitive damages, and declaratory relief.  (*Id.* at 3,

16-20.)

### B.    Standards

#### 1.    28 U.S.C. § 1915(e)(2)

Civil complaints filed by a pro se prisoner are subject to the screening

requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 856 (6th

Cir. 2000).  Congress enacted 28 U.S.C. § 1915 seeking to "lower judicial access

barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs

are assumed by the public, unlike a paying litigant, lacks an economic incentive to

refrain from filing frivolous, malicious or repetitive lawsuits.'"  *Id.* at 31 (quoting

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress

included subsection (e) as part of the statute, which requires district courts to

screen and to dismiss complaints that are frivolous, fail to state a claim upon which

relief can be granted, or that seek monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2); *Neitzke*, 490 U.S at 328-29.  A complaint

is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an

arguable basis in either law or fact.  *Neitzke*, 490 U.S. at 325.  A plaintiff fails to

state a claim upon which relief may be granted, when, construing the complaint in

6

a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standard of review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

### 2. *Pro Se* Pleadings

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[2]

---

[2] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

## C.     Discussion

### 1.     Plaintiff's §§ 1983 and 1985 Claims are Barred by *Heck v. Humphrey* and Should be Dismissed[3]

Plaintiff's suit arises from the July 24, 2012 revocation of his parole, which

he claims was unconstitutional.   (DE 11.)  He alleges that Defendants Taylor-

Pedersen and Risley conspired to issue a "false writ of attachment" to obtain

information for Risley's use at the parole revocation hearing, that the allegedly

"false writ" was sent to Defendant Brown but she failed to investigate whether the

information in the writ was true; and that Defendants Risley, Wright and Theodore

Johnson conspired to prevent Plaintiff from presenting evidence and testimony at

his July 24, 2012 parole revocation hearing, all resulting in his incarceration,

despite being acquitted by the state court on June 22, 2012.  He also complains that

---

[3] The Sixth Circuit has affirmed, without analysis, district courts' *sua sponte* dismissal of plaintiffs' § 1983 claims under *Heck*.  *See, e.g., Hunt v. Michigan*, 482 F. App'x 20, 21 (6th Cir. 2012); *Manthey v. Kessler*, 79 F. App'x 153,153-54 (6th Cir. 2003); *Stover v. Mackie*, 15 F. App'x 200, 201 (6th Cir. 2001).  And Courts in this District have regularly dismissed plaintiffs' complaints *sua sponte* upon initial review as barred by *Heck* pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). *See, e.g., Sapp v. United States*, No. 2:17-cv-13691, 2017 WL 8792722 (E.D. Mich. Nov. 27, 2017) (Edmunds, J.); *Wilson v. County of Wayne*, No. 15-10693, 2015 WL 2126920 (E.D. Mich. May 6, 2015) (Lawson, J.); *Moore v. Hampton*, No. 2:13-CV-13600, 2014 WL 6455629 (E.D. Mich. Nov. 17, 2014) (Drain, J.); *Smith v. City of Detroit*, No. 12-14278, 2013 WL 1349282 (E.D. Mich. Apr. 2, 2013) (Lawson, J.); *Brown v. Michigan Dep't of Corrs.*, No. 2:10-CV-12649, 2010 WL 5056195 (E.D. Mich. Dec. 6, 2010) (Duggan, J.); *King v. City of Highland Park*, No. 07-15341, 2008 WL 723514 (E.D. Mich. Mar. 17, 2008) (Zatkoff, J.); *White v. Paetz*, No. 4:06-CV-12225, 2006 WL 1698962 (E.D. Mich. June 13, 2006) (Gadola, J.).

Defendants Allsberry and Daphne Johnson failed to properly respond to his grievance and request for a declaratory ruling, both seeking relief regarding his parole revocation hearing. In sum, Plaintiff challenges the validity of the parole revocation proceedings through the actions of the defendants, and he seeks "immediate release from this unlawful confinement," damages, and declaratory relief.

However, as the Court explained in its earlier ruling dismissing Plaintiff's claims against Defendants Taylor-Pedersen, Risley and Wright, Plaintiff's complaint is barred by the *Heck* doctrine. (DEs 30, 36.) The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages

9

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

The principles espoused in *Heck* have been applied to §1983 actions, like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or a federal court declaring the parole revocation invalid. *See Norwood v. Michigan Dep't of Corrs.*, 67 F. App'x 286, 287 (6th Cir. 2003) (ruling that *Heck* erected a bar to parole revocation claim based on an alleged race-based retaliatory conspiracy); *Oakes v. VanDeusen*, No. 1:07cv678, 2008 WL 4057838, at *3 (W.D. Mich. Aug. 28, 2008) ("The rules announced in *Preiser* and *Heck* preclude plaintiff from challenging his parole revocation decision under the guise of a § 1983 action.") (citations omitted).  Moreover, the same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. §§ 1983 and 1985.  *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (plaintiff's §§ 1983 and 1985 claims barred by *Heck*); *see also Norwood*, 67 F. App'x at 287 (holding that allegations under § 1983 of conspiracy by the defendants to revoke the plaintiff's parole were not cognizable under *Heck*); *Holland v. Cnty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (*Heck* barred due process, conspiracy and malicious prosecution claims).  "In the context of a parole revocation hearing,

10

Plaintiff is required to show 'that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision.'" *See Jackson v. Waterberry*, No. 10-10031, 2010 WL 5559326, at *1 (E.D. Mich. Nov. 30, 2010) (Randon, M.J.) (citations omitted), *report and recommendation adopted,* 2011 WL 65741 (E.D. Mich. Jan. 10, 2011) (Roberts, J.).  Plaintiff has not made that showing here.  Further, the fact that Plaintiff was released on parole during the pendency of this litigation does not preclude the application of *Heck*.  *See Oakes*, 2008 WL 4057838 (finding plaintiff's § 1983 claims seeking compensatory and punitive damages, expungement of his conviction at the parole hearing, and release from parole status, filed *after* he was released from parole, were barred by *Heck*); *see also Connolly v. Arroyo*, 293 F. App'x 175, 178 (3d Cir. 2008) (finding *Heck* "applies even where habeas relief is no longer available because the individual is no longer in custody").

As the Court explained in its prior report and recommendation, the decision in *Jackson v. Waterberry* is helpful here.  The plaintiff in *Jackson* filed a § 1983 claim alleging that the parole officials "permitted falsified testimony to be used against Plaintiff during his parole violation hearing, resulting in the revocation of his parole." *Jackson*, 2010 WL 5559326, at *1.  The court held that plaintiff's § 1983 claims were barred by the *Heck* doctrine and must be dismissed because the allegations "necessarily imply the invalidity of his confinement and [he] has not

shown that the parole revocation decision has been reversed." *Id.* As in *Jackson*, to the extent Plaintiff here seeks to challenge the revocation of his parole, "he cannot do so through a § 1983 complaint because he has not demonstrated the invalidity of his parole revocation by either a Michigan state court or a federal habeas corpus decision." *See Jackson*, at *1. Accordingly, Plaintiff's §§ 1983 and 1985 claims here against all defendants involving his parole revocation are precluded by *Heck*.

The court in *Jackson* further found that "Plaintiff's artful framing of his case" – "that he is not challenging his 'actual confinement' but rather the unlawful conduct of Defendants in allowing the fabricated evidence" – "does not change the fact that a ruling in his favor would *imply* the invalidity of his parole revocation, because he alleges that his parole was revoked solely due to the admission of the falsified evidence." *Id.* at *2. Similarly here, Plaintiff's challenge to the evidence obtained for the parole hearing, or evidence admitted, or not admitted, during the July 24, 2012 parole hearing, does not change the fact that "a ruling in his favor would imply the invalidity of his parole revocation." *See id.*; *see also White v. Paetz*, No. 4:06-CV-12225, 2006 WL 1698962, at *1 (E.D. Mich. June 13, 2006) (finding plaintiff's § 1983 claims based on allegations that defendants fabricated the statements which were used against him in his parole hearing and also improperly denied his allegation that he requested an attorney before making those

12

statements were barred by *Heck* because they attack plaintiff's present incarceration).  Accordingly, because awarding relief to Plaintiff on any portion of his claims would necessarily imply the invalidity of his parole revocation, his section 1983 and 1985 claims are prohibited by the *Heck* doctrine and should be dismissed without prejudice.  *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if he obtains reversal or expungement of convictions).

### 2.     Plaintiff's § 1983 Claims Against Defendants Brown, Allsberry, Theodore Johnson and Daphne Johnson are Time Barred

The Court previously found that Plaintiff's § 1983 claims against Defendants Taylor-Pedersen, Risley and Wright were time barred.  (DEs 30, 36.) Plaintiff's § 1983 claims against Defendants Brown, Allsberry, and Theodore Johnson and Daphne Johnson would similarly be time barred.

There is no federal statute of limitations for § 1983 claims.  Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."  *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)).  In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions

where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). However, the accrual of a § 1983 claim is a question of federal law, with reference to common law principles. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under those principles, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996).

In his first amended complaint, Plaintiff alleges conduct involving Defendants Taylor-Pedersen, Brown, Risley, Wright, and Theodore Johnson beginning with the February 9, 2012 alleged "false writ of attachment" through the July 24, 2012 parole revocation hearing. (DE 11 at 5-6.) Plaintiff further alleges that Allsberry improperly denied his grievance as untimely on October 15, 2012, and that Daphne Johnson improperly refused to investigate the MDOC in response to his request for a declaratory ruling on January 14, 2014. (*Id.* at 10, 22; DE 26 at 3-10.) Accordingly, Plaintiff was required to bring his § 1983 claims against Brown and Theodore Johnson by July 24, 2015, at the latest, against Allsberry by October 15, 2015, and against Daphne Johnson by January 14, 2017. Instead, Plaintiff filed his original complaint on May 12, 2017, between four months and

almost 2 years after the last possible date of accrual of his claims against Defendants Brown, Allsberry, Theodore Johnson and Daphne Johnson.  Therefore, Plaintiff's claims brought pursuant to § 1983 are time-barred and should be dismissed with prejudice on this basis as well.

In addition, Plaintiff's § 1983 claims against Allsberry and Daphne Johnson also fail because he fails to allege personal involvement by these defendants in the alleged unconstitutional behavior.  Plaintiff merely alleges that Allsberry denied his grievance and that Daphne Johnson denied his request for a declaratory ruling, and it is well-settled that where a defendant's only role in an action "involve[s] the denial of an administrative grievance or the failure to act ... [he or she] cannot be held liable under § 1983." *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999); *see also O'Brien v. Michigan Dep't of Corr.,* No. 14–1132, 2014 WL 7533852, at *2 (6th Cir. Oct.17, 2014) (concluding that a defendant's denial of an administrative grievance was "insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983"); *Johnson v. Aramark,* 482 F. App'x 992, 993 (6th Cir.2012) ("the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983"); *Thompson v. Stapleton,* 403 F. App'x 986, 986–88 (6th Cir.2010) (concluding that denial of an administrative grievance appeal at step II was not actionable under § 1983); *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at

15

*8 (E.D. Mich. Oct. 29, 2014) ("Sango's claims that the Oaks Defendants failed to

properly investigate his allegations amount to nothing more than an alleged 'mere

failure to act' for which § 1983 liability does not lie."), *report and*

*recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).

Accordingly, Plaintiff's amended complaint fails to state a § 1983 claim

against Defendants Brown, Allsberry, Theodore Johnson and Daphne Johnson.

### 3.   Plaintiff Fails to State a Claim Pursuant to Any Criminal Statutes

Plaintiff's first amended complaint purports to state claims under various

criminal statutes, including 18 U.S.C. §§ 241, 242, 371, 494, 1001, 1343, 1506.

(DE 11 at 3, 10.)  However, as the Court previously explained, these criminal

statutes do not provide for a civil cause of action.  *See* 18 U.S.C. §§ 242, 242, 371,

494, 1001, 1343, and 1506; *see also, e.g., United States v. Oguaju*, 76 F. App'x

579, 581 (6th Cir. 2003) (no private right of action under §§ 242 and 242);

*Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (no private right of action

under § 1506); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (no

private right of action under § 1343); *Scheid v. Snyder*, No. 09-11307, 2010 WL

331713, at *2 (E.D. Mich. Jan. 22, 2010) (no private right of action under §§ 241,

242, 371); *Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151,

at *2 (N.D. Ohio Aug. 22, 2011) (no private right of action under §§ 241, 242,

1001).  Accordingly, Plaintiff fails to state a claim for which relief can be granted

for violation of these criminal statutes, and these claims should be dismissed with prejudice.

### 4.      The Court Should Decline to Exercise Supplemental Jurisdiction

To the extent that Plaintiff's first amended complaint presents claims under state law, I recommend, as I did before, that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. 1367(c) over any state law claims asserted against Defendants Brown, Allsberry, Theodore Johnson and Daphne Johnson.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966); *see also Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims….").

### 5.      Plaintiff's Request for Appointment of Counsel is Denied

Finally, Plaintiff recently submitted a request for appointment of counsel. (DE 37.)  "The appointment of counsel to civil litigants is a decision left to the discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights."  *Reneer v. Sewell*, 975 F2d 258, 261 (6th Cir. 1992).  With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel….  The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110

F. App'x 633, 635 (6th Cir. 2004).  In light of the recommended dismissal of Plaintiff's claims in this matter, and the lack of "exceptional circumstances," Plaintiff's request for appointment of counsel is **DENIED.**

### D.    Conclusion

For the reasons stated above:

**(1)** The Court should **DISMISS** Plaintiff's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted.

**(2) Alternatively**, should the Court disagree with the above recommendation (and consistent with the procedural history described in fn. 1 above), the remaining defendants should be dismissed pursuant to Fed. R. Civ. P. 4(m), without prejudice, for failure to effect service.

**(3)** Plaintiff's request for appointment of counsel (DE 37) is **DENIED**.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 30, 2018                    s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 30, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti

20